UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALBRIDGE EAST, LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>GRANDVIEW PV SOLAR ONE, LLC, CORONA CAPITAL PARTNERS, LLC, and HIGHWAY TECHNOLOGIES, INC.,<br><br>              Defendants. | Case No.  1:12-cv-00510-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it plaintiff Walbridge's motions for (1) default judgment against defendants Grandview and Corona, and (2) judgment on the pleadings against defendant Highway Technologies.  In addition, the record contains a Notice describing the bankruptcy filing of defendant Highway Technologies on May 22, 2013.  The Court finds that the bankruptcy filing stays the action against Highway Technologies.  As the Court will explain below, the Court has no authority to stay the action against the other two defendants, Grandview and Corona; only the bankruptcy court has that authority.  Accordingly, the Court will resolve the motion for default judgment against Grandview and Corona by granting the motion and entering a judgment against those two defendants.

1

## FACTUAL BACKGROUND

In this lawsuit, Walbridge seeks damages from defendants Grandview and Corona for their failure to pay for work done by Walbridge pursuant to a contract between Grandview and Walbridge. The original contract was signed in December of 2011, obligating Walbridge to construct a solar facility for Grandview. While Grandview was the principal obligor on the contract, Walbridge alleges that Grandview was "under the control of its alter ego defendant Corona." *See Amended Complaint (Dkt. No. 7) at ¶ 9.* Walbridge alleges that Grandview and Corona failed to make payments as required by the contract, and that Walbridge has consequently been unable to pay its subcontractor, Highway Technologies. Walbridge brought this action to recover damages from Grandview and Corona, and obtain a declaratory judgment that it owes nothing to Highway Technologies until it is paid by Grandview and Corona.

Grandview and Corona failed to answer the complaint and the Clerk entered default against both defendants. *See Clerk's Entry of Default (Dkt. Nos. 19 & 21).* Walbridge then filed motions for default judgment against both defendants, as well as a motion for judgment on the pleadings against Highway Technologies seeking a declaratory judgment that Walbridge has no duty to pay Highway Technologies until Walbridge receives payment from Grandview and Corona. Two days after that motion was filed, Highway Technologies filed a Notice in this case that it was in bankruptcy.

The threshold issue raised by these filings concerns the effect of the bankruptcy on this litigation. The Court will examine that issue and then take up the motions.

## ANALYSIS

The automatic stay provisions of the Bankruptcy Code "prohibit the continuation of a judicial action against the debtor that was commenced before the bankruptcy." *In re White*, 186 B.R. 700, 703 (B.A.P. 9th Cir.1995).  Unless the assets of the bankrupt estate are at stake, "the automatic stay does not extend to actions against parties other than the debtor . . . ." *U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir.1993).  Some Circuits have extended the stay to include non-debtors where their interests are inextricably intertwined with those of the debtor.  *See A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.1986).  That exception to the general rule is referred to as the "unusual circumstances exception." *Id.* at 999.  In the Ninth Circuit, the "vitality of the unusual circumstances exception is not clear." *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007).  Nevertheless, it is the bankruptcy court, and not the district court, that has the authority to apply the exception and extend the stay.  *Wordtech Systems Inc. v. Integrated Network Solutions, Inc.*, 2012 WL 6049592 (E.D.Cal. Dec. 5, 2012).

This action is clearly stayed as to Highway Technologies.  The question arises as to whether the stay extends to Grandview and Corona.  Under the case law cited above, this Court has no authority to extend the stay to non-debtors.  Accordingly, the Court will proceed to resolve Walbridge's motion for default judgment against Grandview and Corona.

Rule 55(b)(2) states that the Court "may" conduct a hearing prior to entering a default judgment.  However, the Court is not required to do so if the record reveals no issue of material fact.  *Legardy v. Ceballos*, 2013 WL 2995412 at *1 (9th Cir. June 14,

2013).

Here, there is no material issue of fact. Walbridge specifically asked in his complaint for the following: (1) "over $900,000 for work performed," *see Amended Complaint, supra* at ¶¶ 11, 25; (2) for prejudgment interest, *id.* at ¶ 25; (3) for costs, *id.;* and (4) for attorney fees, *id.* at ¶ 26. Thus, it can come as no surprise to Grandview and Corona that Walbridge is seeking, in its motion for default judgment, to recover these four claims. Walbridge has supported each claim with detailed records that essentially allow damages to be computed as a sum certain.

With regard to the first claim of recovery – the sum due for work performed – Walbridge has submitted invoices totaling $955,845.35, accompanied by the Declaration of Mike Miskevics, Walbridge's Director of Projects, representing that this sum is "based on the actual work completed in further of the project described in the Amended Complaint, and is set out in detailed invoices that were delivered to Defendants Grandview and Corona that demonstrate the date and extent of the work performed." *See Miskevics Declaration (Dkt. No. 22-2)* at ¶ 4. The second claim – for prejudgment interest – is based on a contract provision authorizing an award of interest and setting the rate as the LIBOR rate plus 2%. *See Exhibit 1 (Dkt. No. 7-1)* at ¶ 6.2. The prejudgment interest as of May 15, 2013, totaled $27,490.10. *See Declaration of Wonderlich (Dkt. No. 22-1)* at ¶ 3.

Walbridge also seeks attorney fees and costs pursuant to Idaho Code § 12-120(3). The Court agrees that the statute authorizes an award of "reasonable" fees and costs in this case, as Walbridge prevailed and the dispute was over a "commercial transaction."

The Court finds that the attorney fees sought – $19,728.84 – and the costs incurred – $1,544 – are both reasonable and should be awarded to Walbridge.

For all of these reasons, the Court will grant the motion for default judgment against Grandview and Corona and enter judgment against them, jointly and severally, in the sum of $1,005,058.29.   The other pending motion – for judgment against Highway Technologies – cannot be resolved at this time due to the bankruptcy stay.  To ensure that the Court's docket reflects only motions actively under consideration, the Court will administratively terminate the motion for judgment against Highway Technologies, without prejudice to the right of Walbridge to move the motion back onto the active docket when the bankruptcy stay is lifted.

The Court will enter a separate Judgment against Grandview and Corona, and enter the stay against Highway Technologies in the Order below.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment on the pleadings against Highway Technologies (docket no. 24) is ADMINISTRATIVELY TERMINATED without prejudice to Walbridge's right to move the motion back onto the Court's active docket when the bankruptcy stay is lifted.

IT IS FURTHER ORDERED, that this action is STAYED as to defendant Highway Technologies pursuant to the Notice of Bankruptcy (docket no. 25).



DATED: August 29, 2013

B. Lynn Winmill
Chief Judge
United States District Court